Deborah A. Ferguson, ISB No. 5333
Craig H. Durham, ISB No. 6428
**FERGUSON DURHAM, PLLC**
223 N. 6th Street, Suite 235
Boise, Idaho 83702
daf@fergusondurham.com
chd@fergusondurham.com
T: 208-484-2253
F: 208-906-8663
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| HEALTH FREEDOM DEFENSE FUND, INC., et. al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF HAILEY, IDAHO, a municipal corporation; and MARTHA BURKE, in her official capacity as the mayor of the city of Hailey, as well as her personal capacity for the purposes of Section 1983 claims<br><br>    Defendants. | Case No. 1:21-cv-389-DCN<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

**I.  INTRODUCTION**

The global COVID-19 pandemic is causing massive death and suffering throughout the world. Since January 2020 over 4.8 million people have died of the virus;

1

719,694 of those deaths have occurred in the United States.[1] So far, the lives of 3,298 Idahoans have been lost to the virus.[2] Recently, COVID-19 case rates have increased locally and nationally due to the new delta variant. This variant has caused a massive spike in COVID-19 deaths and hospitalizations in Idaho, creating a crisis in Idaho's healthcare system. Last month as a last resort, Idaho instituted a Crisis Standard of Care for the first time in the state's history.

In response to the unprecedented emergency created by this deadly pandemic, the city of Hailey ("the City") has taken necessary steps through the repeated issuance of Emergency Public Health Orders for a mask mandate to preserve public health. The Plaintiffs seek to strike down the mask mandate that implements an indispensable COVID-19 precaution as recommended by the national, state, and local public health agencies.

Plaintiffs' complaint seeks injunctive and declaratory relief to prevent the City from enforcing its mask mandate. Subject to several exemptions, the orders require persons to completely cover their nose and mouth when in any indoor, or outdoor public space where social distancing is not possible, when members of the public are physically present for otherwise unprotected social interaction.

---

[1] According to the World Health Organization, as of October 19, 2021. https://covid19.who.int/.
[2] Idaho's official COVID-19 website last visited October 19, 2021. https://coronavirus.idaho.gov/.

Plaintiffs allege that the mask mandate is a violation of international, federal and state law, construing the mask mandate as a forced human experiment performed upon them without their consent. Plaintiffs analogize the mask mandate to "the barbaric medical experiments performed on unwilling victims of Nazi's Germany's concentration camps" and a form of torture. (Complaint,¶¶ 26, 68, 80).[3] Further, the Plaintiffs assert the mask mandate disrupts normal child development, and dehumanizes society. (Complaint, ¶¶ 69-70). Plaintiffs allege the City's mask mandate violates Plaintiffs' substantive due process rights under the U.S. Constitution. This alleged civil rights violation under 42 U.S.C. § 1983 is brought against Mayor Burke. Plaintiffs also assert that the City's mask mandate violates the disclosure requirements for products under the U.S. Food and Drug Administration Emergency Use Authorization as set forth under the Federal Food, Drug, and Cosmetic Act ("FDCA") set forth in 21 U.S.C. § 360bbb-3.

## II.     BACKGROUND

### A.     A Summary of the City's Emergency Health Orders.

One of the City's core duties is to address COVID-19 prevention in the community. The Supreme Court has noted that "[u]nder the Constitution, state and local governments, not the federal courts, have the primary responsibility for

---

[3] Other courts who have considered these claims and comparisons to Nazi concentration camps have found the claims reprehensible. *See, e.g.*, *Bridges v. Houston Methodist Hospital*, 2021 WL 2399994, at *2 (S.D. Tex., June 12, 2021).

addressing COVID–19 matters such as quarantine requirements, testing plans, *mask mandates*, phased reopenings, school closures, sports rules, adjustment of voting and election procedures, state court and correctional institution practices, and the like….". *Calvary Chapel Dayton Valley v. Sisolak*, 140 S. Ct. 2603, 2614 (2020)(Kavanaugh, J., Alito, J. dissenting)(emphasis added).

The Idaho legislature has granted the city of Hailey explicit authority to "pass all ordinances and make all regulations necessary to preserve the public health; prevent the introduction of contagious diseases into the city; …. and enforce the same within the city." I.C. § 50-304. The City has exercised this authority granted to it under the U.S. Constitution and the Idaho Code to protect the public health in the City through a series of public health orders. The Idaho Supreme Court has held the lawfulness of municipal ordinances to promote the public's health and safety is presumed. *Sanchez v. City of Caldwell*, 20 P.3d 1, 4 (Idaho 2001).

All of these public health emergency orders were authorized pursuant to Hailey Ordinance No. 1277, enacted on February 8, 2020, which provides the orders will have a duration of no more than 90 days, which may be extended upon approval by the City Council. The mask mandate was originally instituted under Public Health Emergency Order No. 2020-05, which took effect on July 1, 2020. The mask mandate was renewed through subsequent emergency orders. The Plaintiffs cite Order No. 2021-06, adopted September 14, 2021 as the current order. (Complaint, ¶1; Exhibit A). However, that

4

Order has since expired. Order No. 2021-07 was issued on October 12, 2021, replacing the prior order, and is attached as Exhibit A to Defendants' Motion to Dismiss. Order No. 2021-07 will remain in effect for 90 days, through January 10, 2022, unless rescinded.[4] In pertinent part, the current Order states:

> Every person, shall, when in any indoor, or outdoor public place where social distancing is not possible, completely cover their nose and mouth, when members of the public are physically present for otherwise unprotected social interaction.
>
> The Order also has the following eight exemptions.
>
> a. Children under the age of 5.
> b. Persons who cannot medically tolerate wearing a cloth face covering must wear or position themselves behind a face shield. A person is not required to provide documentation demonstrating that the person cannot medically tolerate wearing a cloth face covering.
> c. Persons who are hearing impaired, or communicating with a person who is hearing impaired, where the ability to see the mouth is essential for communication, must wear or position themselves behind a face shield.
> d. Persons, including on-duty law-enforcement officers, for whom wearing a face covering would create a risk to the person related to their work, as determined by local, state, or federal regulators or workplace safety guidelines.
> e. Persons who are actively engaged in athletic competition.
> f. Persons who are obtaining a service involving the nose, face, or head for which temporary removal of the face covering is necessary to perform the service.
> g. Persons who are eating or drinking at a restaurant or other establishment that offers food or beverage service, so long as the person is able to maintain a distance of 6 feet away from persons who are not members of the same party as the person.
> h. Outdoor public places where people can employ social distancing as recommended by CDC, while continuing to recommend face covering.

---

[4] The City's website posts all current Emergency Orders. A link to the current order is found on the home page at https://www.haileycityhall.org/.

As an initial matter, exemption (b) provides that all persons who cannot medically tolerate wearing a cloth face covering need not do so and can instead wear or position themselves behind a face shield. Asserting this exemption works on the honors system. No one is required to provide documentation demonstrating that they cannot medically tolerate wearing a cloth face covering. Instead, they may simply assert this exemption without proof. It is conceivable that this exemption would cover all of the Plaintiffs, as Plaintiffs allege that the wearing of masks causes them a myriad of physiological and psychological harms. [5] (Complaint, ¶¶ 67-69, 73-79). Despite this broad exemption from wearing a face mask, Plaintiffs have chosen not to avail themselves of it. Likewise, exemption (e) exempts persons engaging in athletic competitions. Several Plaintiffs complain of the order restricting their participation in sports activities, such as dance, Pilates and yoga classes. (Complaint, ¶¶ 77-79). While persons are engaging in athletic endeavors they are also exempt from compliance.

B.  **A Summary of Plaintiffs and Their Complaint.**

Plaintiffs are the Health Freedom Defense Fund, Inc., a Wyoming corporation that opposes mask mandates. It asserts associational standing as three of its members

---

[5]  Plaintiffs also complain that their children (who are also named Plaintiffs) must wear masks at school. This does not occur under the City's mask mandate as it has no authority to require masks in schools. As set forth on page 2 of Order No. 2021-07: "the Blaine County School District (BCSD) has instituted a mask mandate, requiring all staff and student to wear Face Cloths or masks at all BCSD schools and activities and on all BCSD buses;".

reside in Blaine County, Idaho and are affected by the City's mask mandate. (Complaint, ¶¶11-12). They are Jennifer Olburn, Jamie Green, and Ann Jablonski. These members have each provided a declaration on behalf of Health Freedom Defense Fund, Inc. that is attached to the Complaint as Composite Exhibit D.

Eleven individuals are also Plaintiffs. They live or own businesses or simply shop in the city of Hailey. (Complaint, ¶¶12-17).

Plaintiffs' Complaint rests on the bizarre assertion that the City's mask mandate is "a grand medical experiment" and a "mandatory human experiment" performed upon them, absent their informed consent, and as such is a violation of international, federal and some unspecified Idaho law.

Plaintiffs assert two causes of action in their Complaint. In Count I, Plaintiffs allege that the City's mask mandate is preempted under federal law, and as such violates the federal supremacy clause. Namely, Plaintiffs contend that the disclosure requirements for industry applicable to products allowed under the U.S. Food and Drug Administration Emergency Use Authorization as set forth under the Federal Food, Drug, and Cosmetic Act found at 21 U.S.C. § 360bbb-3 were violated.

In Count II, Plaintiffs allege their substantive due process rights under the Fourteenth Amendment to the U.S. Constitution were violated, under the theory that the Fourteenth Amendment prohibits human experiments unless the patient gives their informed consent. (Complaint, ¶¶ 8, 26- 47). In the alternative, they allege that even if

the mask mandate isn't really a mandatory human experiment, it still violates Plaintiffs' Fourteenth Amendment rights as the mask mandate is repugnant to fundamental human rights deeply rooted in American history and is not narrowly tailored to achieve a compelling state interest.

Defendants move to dismiss the Complaint as the Plaintiffs both lack standing and have failed to state any claim upon which relief can be granted.

### III. ARGUMENT

#### A. The Plaintiffs Lack Standing to Bring Their Claims.

The Court should construe all material allegations of fact in the complaint in favor of the plaintiff when deciding a motion to dismiss for lack of standing under F.R.C.P. 12(b)(1). *Meland v. WEBER*, 2 F.4th 838, 843 (9th Cir. 2021); *Southcentral Found. v. Alaska Native Tribal Health Consortium*, 983 F.3d 411, 416–17 (9th Cir. 2020). But the party invoking federal jurisdiction bears the burden of establishing the elements of standing, and "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Plaintiffs' claims should be dismissed under F.R.C.P. 12(b)(1) because they lack standing. Plaintiffs fail to allege an injury-in-fact as required by Article III of the Constitution. To establish standing under Article III, a plaintiff must show that (1) she

has suffered an "injury in fact"; (2) her injury is "fairly traceable to the challenged action of the defendant"; and (3) her injury is likely to "be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-181 (2000). In the absence of standing, the Court lacks subject-matter jurisdiction to hear the case.

None of the Plaintiffs allege that they have ever been cited for violating the current (or prior iterations of) the mask mandate, or that they have been personally forced to wear a mask. Instead, the individual Plaintiffs assert that they strongly object to the mask mandate and also object on their children's behalf, but routinely wear a mask as required by the mandate, albeit against their will. These Plaintiffs all allege that they object to the mask mandate but nevertheless comply with it. (See Complaint, ¶¶ 13-17). Likewise, the Health Freedom Defense Fund alleges that three of its members also wear masks due to the City's mask mandate, but are adamantly opposed to this mandate. (Declarations of Olbum, Green and Jablonski, attached as Composite Exhibit D to Complaint). Like the individual Plaintiffs, none of the Fund's members have alleged they have been cited by the City for a violation of the order or been physically forced by the City to comply with it.

In the absence of allegations that any Plaintiff has ever been forced to wear a mask, or cited for their refusal to do so, they have not suffered any concrete and particularized injury with respect to the City's mask requirement. *See Bechade v. Baker*,

2020 WL 5665554 (D. Mass., Sept., 23, 2020). In *Bechad*e, the Court found that the plaintiff had not shown that the mask requirement caused her any concrete and particularized or actual or imminent harm, finding that she pled "nothing more than disagreement with the policy underlying adoption of the requirement, and precedent is clear that "[a] mere interest in an event—no matter how passionate or sincere the interest and no matter how charged with public import the event—will not substitute for an actual injury,"citing *United States v. AVX Corp.*, 962 F.2d 108, 114 (1st Cir. 1992). *See also*, *Oakes v. Collier County Eyeglasses*, 515 F.Supp.3d 1202, 1214 (M.D. Fla. 2021)(finding no standing where the individual was never cited for mask mandate violations).

Like the plaintiffs in *Oakes* and *Bechade*, Plaintiffs' passionate opposition to the City's mask mandate is inadequate to establish standing. In the absence of an actual injury in fact, the Court must dismiss the Complaint as none of the Plaintiffs have standing.

Even if Plaintiffs could show standing, the Court should still dismiss the Complaint as it fails to state any claim on which relief could be granted. Fed. R. Civ. P. 12(b)(6).

    **B.    Plaintiffs Federal Preemption Cause of Action Must Also Fail as Plaintiffs Have Failed to State a Claim for a Violation of the Federal Food, Drug, and Cosmetic Act.**

In their first claim, Plaintiffs allege that the Federal Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. § 360bbb-3, preempts the City's Emergency Health Orders that establish a mask mandate. It is well established, however, that there is no private right of action to enforce provisions of the FDCA. *Jennifer Guilfoyle. v. Austin Beutner*, 2021 WL 4594780, at * 26- 27. (C.D. Cal., Sept.14, 2021)(granting motion to dismiss on these grounds); *Bridges v. Houston Methodist Hosp*ital, __F.Supp.3d__; 2021 WL 2399994, at *2 (S.D. Tex., June 12, 2021) (also granting a motion to dismiss on these grounds); *Pacific Trading Co. v. Wilson & Co., Inc.*, 547 F.2d 367, 370 (7th Cir. 1976). The FDCA itself expressly states that "all such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States." 21 U.S.C. § 337(a). Plaintiffs do not and cannot assert claims on behalf the United States.

The very recent *Guilfoyle* case also challenged a COVID-19 related mask mandate and the *Bridges* case arose from an unsuccessful challenge to a hospital's employee COVID-19 vaccine requirement. Both of these cases involved the exact same provision of the FDCA which Plaintiffs seek to enforce in this litigation: 21 U.S.C. § 360BBB-3(e)(1)(A)(ii)(III).  (Complaint, ¶ 86); *Bridges*, 2021 WL 2399994, at *2; *Guilfoyle,* 2021 WL 4594780, at *26-27. Likewise, in *Pacific Trading,* the 7th Circuit affirmed dismissal under F.R.C.P. 12(b)(6) for failure to state a claim under the FDCA, holding that because of the limitation set forth under section 337(a), the FDCA simply does not provide a cause of action for private parties. *Pacific Trading*, 547 F.2d at 370.

11

The FDCA provision relied upon by Plaintiffs requires disclosures relating to any product approved by the FDA as an Emergency Use Authorization ("EAU"), including the product's status as an EAU, the known significant risks and potential benefits of the product, and the option to accept/refuse administration of the product and any consequences of refusal. 21 U.S.C. § 360BBB-3(e)(1)(A)(ii)(III). In dismissing plaintiffs' claim under this provision, the *Bridges* court pointed out that this statute "confers certain powers and responsibilities to the Secretary of Health and Human Services in an emergency…. It does not confer a private opportunity to sue the government, employer, or worker." *Bridges*, 2021 WL 2399994, at *2. The federal courts that have considered COVID-19 challenges under this provision have found the same result, and the claims were dismissed. Plaintiffs lack a private right of action to bring a claim against the City for the alleged violation of 21 U.S.C. § 360BBB-3(e)(1)(A)(ii)(III). Accordingly, Plaintiff's FDCA claim fails as a matter of law.

  **C.**  **Plaintiffs Fail to State a Substantive Due Process Claim under the Fourteenth Amendment of the U.S. Constitution.**

Dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Here, both claims are grounded in legal theories that federal courts have consistently and emphatically rejected. Moreover, many of the "factual" underpinnings of the claims are conclusory assertions and opinions, such as the allegation that the mask mandate is a form of

torture or a human experiment forced on citizens and visitors to the City. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004). As such, both claims should also be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).[6]

Federal courts have consistently rejected Fourteenth Amendment due process challenges to mask-mandates during the COVID-19 pandemic. See, e.g., *Denis v. Ige*, WL 3892657 (D. Haw., Aug. 31, 2021) (dismissing a Fourteenth Amendment challenge to a statewide mask-mandate with prejudice because mask-mandates "do not infringe on fundamental rights."); *Forbes v. County of San Diego*, 2021 WL 843175, at *5 (S.D. Cal., Mar. 4, 2021) (granting a motion to dismiss a due process challenge to California's statewide mask-mandate because the mandate did not implicate "a fundamental liberty interest protected by the substantive component of the Due Process Clause"); *Stewart v. Justice*, 518 F. Supp. 3d 911, 916 (S.D. W.Va., 2021) (dismissing a substantive due process challenge to statewide mask-mandate with prejudice); *Klaassen v. Trustees of Indiana U.*, 2021 WL 3073926, at *24 (N.D. Ind., July 18, 2021) (denying a motion for a preliminary injunction against a university's mask-mandate and COVID-19 testing protocol because

---

[6] The claims should be dismissed with prejudice because they are not subject to amendment under F.R.C.P. 15 where leave to amend would be futile. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

the court "decline[d] the students' invitation to expand substantive due process rights to include the rights not to wear a mask or to be tested for a virus"); *Miranda ex rel. M.M. v. Alexander*, 2021 WL 4352328, at *4 (M.D. La., Sept. 24, 2021) (noting that "there is no fundamental constitutional right to not wear a mask"); *Sonderman v. Ragsdale*, 2021 WL 2024687, at *2-3 (N.D. Ga., May 12, 2021); *Shelton v. City of Springfield*, 497 F. Supp. 3d 408, 414 (W.D. Miss. 2020).

The overwhelming weight of authority demonstrates that Plaintiffs' due process claim is legally untenable and not grounded in a cognizable legal theory. Plaintiffs do not, and cannot, demonstrate how the mask-mandate at issue here differs in any substantive way from the mask-mandates that have been held upheld by the federal courts in a litany of cases. As such, this Court should follow the well-established case law in this area and dismiss the substantive due process claim with prejudice.

While the federal courts have rejected substantive due process claims in the context of mask-mandates, the district courts have varied in the standard applied when analyzing these claims. The growing consensus is that mask-mandates do not implicate a fundamental right necessary to trigger strict-scrutiny. See, e.g., *Denis*, WL 3892657 (applying rational basis review); *Oberheim v. Bason*, WL 4478333, at *8 (M.D. Pa., Sept. 30, 2021) (noting that because "students do not possess a fundamental right to attend school without wearing a mask or other face covering, the Plaintiffs' substantive due process claim is governed by the rational basis test"); *Zinman v. Nova S.E. U., Inc.*, 2021

14

WL 4025722, at *17 (S.D. Fla. Aug. 30, 2021) ("Because Plaintiff did not, and cannot, plausibly allege a violation of any fundamental right, his substantive due process challenge is only subject to rational basis review."); *Forbes*, 2021 WL 843175, at *3 (applying the deferential standard articulated in *Jacobson v. Massachusetts*, 197 U.S. 11, 29 (1905)). Indeed, it appears that no district court has applied strict scrutiny when analyzing substantive due-process in the mask-mandate context.

Most courts have applied the rational basis test, under which government action is constitutional if it (1) promotes a "legitimate governmental purpose" and (2) there is a "rational relationship" between that purpose and the means chosen by the government. *Heller v. Doe by Doe*, 509 U.S. 312, 319 (1993).

District courts have reliably held that mask-mandates comfortably clear "this low bar." *Oberheim v. Bason*, WL 4478333, at *8 (M.D. Pa., Sept. 30, 2021. Indeed, the Supreme Court has recognized a government's interest in abating the COVID-19 pandemic is not only a rational interest but a *compelling* one. *Roman Catholic Diocese of Brooklyn v. Como*, 141 S. Ct. 63, 67 (2020)("Stemming the spread of COVID-19 is unquestionably a compelling interest ....").

Courts within the Ninth Circuit have dismissed due process claims in the mask-mandate context even when the complaint, taken as true, disputes the efficacy of masks as Plaintiffs' Complaint does in this case. (Complaint, ¶¶ 48-66). See *Forbes*, 2021 WL 843175, at *5–6 (S.D. Cal. Mar. 4, 2021). In *Forbes* the court held that:

>Plaintiff's first claim does not plausibly plead that the Mask Rules lack any rational basis. His contentions disputing the scientific basis for the Mask Rules are simply not enough to state a plausible clam that the rules are not rationally related to a legitimate government interest. . . At minimum, "rational speculation" could support the use of masks to reinforce physical distancing and limit the spread of infected droplets during a pandemic. . . Accordingly, to the extent Plaintiff's first cause of action raises a substantive due process claim, the Court dismisses the claim.

The same arguments about the effectiveness of masks are raised by Plaintiffs here. (Complaint, ¶¶ 48-79). These opinions and theories are irrelevant under a rational basis review, if there is any reason to believe that masks might assist the government in fighting the evil of a global pandemic that is killing its citizens. [7]

Other courts have applied the standard articulated in *Jacobson v. Massachusetts*, 197 U.S. 11 (1905). In *Jacobson*, the Supreme Court upheld a Massachusetts statute regarding mandatory vaccination. *Id*. at 12. The Court recognized that laws protecting the public health "when endangered by epidemics of disease" fall within a state's broad police power. *Id*. at 24–25, 37. *Jacobson* indicates these laws should survive constitutional scrutiny so long as they have a "real or substantial relation to" protecting the public health and the regulations are not "beyond all question, a plain, palpable invasion of

---

[7]   Even Plaintiffs' Complaint offers support for the mask mandate under a rational basis review. Attached as Exhibit C to their Complaint is a FDA letter authored by the Chief Scientist of the FDA dated April 24, 2020. He has concluded that: "Based on the totality of scientific evidence available to FDA, it is reasonable to believe that the authorized face masks may be effective as source control to help prevent the spread of SARS-CoV-2 by infected individuals who may or may not have symptoms of COVID-19 during the COVID-19 pandemic, and that the known and potential benefits of face masks, when used in accordance with the scope of this authorization (Section II), outweigh the known and potential risks of such product;". (Exhibit C to Complaint, p. 8, found at Dkt. 7).

rights secured by [ ] fundamental law." See *Id*. at 31. Like the rational basis test, courts have found that mask-mandates easily satisfy the *Jacobson* test.

Plaintiffs attempt to avoid the *Jacobson* test and rational basis review by mischaracterizing the mask-mandate and couching it as a form of forced medical experimentation or procedure, without their informed consent which they argue violates a fundamental liberty interest and thus triggers strict scrutiny. [8] In fact, Plaintiffs' entire Complaint rests on this novel presumption. The Plaintiffs here are not the first to cast mask-mandates in this misguiding light. Federal courts have already correctly rejected attempts to engineer a nonexistent fundamental right. As one court put it:

> With respect to Plaintiff's bodily intrusion and medical treatment contentions, such characterizations are implausible. A mask requirement does not plausibly qualify as a "compulsory bodily intrusion." Wearing a mask on the outer surface of one's face to cover one's nose and mouth does not "intrude" within one's body. . . Nor can one plausibly allege that the government is requiring medical treatment by requiring individuals to wear a face mask. . . Because Plaintiff did not, and cannot, plausibly allege a violation of any fundamental right, his substantive due process challenge is only subject to rational basis review.

*Zinman v. Nova S.E. U., Inc.*, 2021 WL 4025722, at *17 (S.D. Fla., Aug. 30, 2021).

Likewise, this Court should also reject Plaintiffs' mischaracterization of the City's mask mandate, apply rational basis review or the *Jacobson* standard, and dismiss Plaintiffs' due process claim.

---

[8]   It is worthy to note that informed consent applies only in the context of treatment by medical providers. *Valdez v. Grisham*, --- F.Supp.3d ---- (2021), 2021 WL 4145746, *4, D.N.M. (Sept., 13, 2021).

17

IV. **CONCLUSION**

Plaintiffs' claims fail at the pleadings stage. Plaintiffs lack standing to bring this challenge because they have not alleged any injury in fact and therefore the Complaint should be dismissed pursuant to F.R.C.P. 12(b)(1). Plaintiffs also have failed to state any claim upon which relief can be granted under F.R.C.P. 12 (b)(6). No private right of action exists for the Plaintiffs to attempt to enforce the disclosure requirements for U.S. Food and Drug Administration Emergency Use Authorization products under the FTCA. Further, the Complaint does not assert any fundamental right giving rise to a substantive due process violation under the U.S. Constitution. The City's Public Health Emergency orders mandating masks is rationally related to a compelling government interest to stop the spread of COVID-19. It is not a grand mandatory medical experiment as Plaintiffs contend or a violation of international, federal or Idaho law. Because Plaintiffs have failed to state any claim for which this Court can grant relief, the case should be dismissed with prejudice.

DATED this 19th day of October, 2021.

/s/ Deborah A. Ferguson

FERGUSON DURHAM, PLLC

## CERTIFICATE OF SERVICE

I CERTIFY that on the 19th day of October 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Allen Shoff, ISB #9289
Davillier Law Group
414 Church St., Suite 308
Sandpoint, ID 83864
Telephone: 208.920-6140
Email: ashoff@davillierlawgroup.com
Attorney for Plaintiffs