UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HEALTH FREEDOM DEFENSE FUND, INC., et. al., | Case No. 1:21-cv-00389-DCN |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| CITY OF HAILEY, IDAHO, a municipal corporation; and MARTHA BURKE, in her official capacity as the Mayor of the city of Hailey, as well as her personal capacity for the purposes of Section 1983 claims, | |
| Defendant. | |

## I. INTRODUCTION

Pending before the Court is Defendants City of Hailey and Martha Burke's (collectively the "City" or "Defendant") Motion for Attorney Fees. Dkt. 34. Plaintiffs, Health Freedom Defense Fund, filed its opposition to the request (Dkt. 35) but the City did not reply. The matter is ripe for adjudication.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ.

R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to GRANT the Motion.

## II. BACKGROUND

As part of the COVID-19 pandemic, the City of Hailey, Idaho, issued numerous Emergency Health Orders beginning in early 2020. On February 8, 2020, the City enacted Ordinance No. 1277, which granted the City Council the authority to enact emergency public health orders. Ordinance No. 1277 also provided that any such health orders would have a duration of no more than 90 days—subject to extensions by the City Council. The City's original mask mandate—Order No. 2020-05—took effect on July 1, 2020. It was renewed through subsequent emergency orders on numerous occasions. The order largely at issue in the present case—Order No. 2022-01—expired the day before the case hearing on February 15, 2022. The City of Hailey, however, renewed the order that same day— Order No. 2022-02—with a new expiration date of April 16, 2022.

The lead Plaintiff, the Health Freedom Defense Fund, Inc., a Wyoming corporation that opposes mask mandates, filed a lawsuit in federal court on May 14, 2021. Case No. 1:21-cv-00212-DCN, Dkt. 1. Ultimately, that suit was dismissed as moot due to Mayor Burke's recantation of the mask order after a reduction in the City's COVID-19 cases. However, on September 13, 2021, Mayor Burke issued a new mask mandate—Order No. 2021-06—and Plaintiffs again filed suit on September 27, 2021. Dkt. 1. Plaintiffs brought two causes of action: Count I was based upon Federal Preemption and the Supremacy Clause, and Count II alleged the City violated Plaintiff's Due Process rights under the Fourteenth Amendment to the United States Constitution.

MEMORANDUM DECISION AND ORDER – 2

On October 19, 2021, the City filed a Motion to Dismiss asserting lack of standing and lack of cognizable legal claims. Dkt. 11. Once the issues were fully briefed and scheduled for a hearing, the Plaintiffs moved for a preliminary injunction. The Court held oral argument on February 16, 2022, and addressed all the pending motions. On March 10, 2022, the Court issued a Memorandum Decision and Order dismissing the case with prejudice due to Plaintiffs' lack of standing and because Plaintiffs had not alleged plausible legal claims. Dkt. 29. The Court also dismissed as moot Plaintiffs' motion for preliminary injunction. *Id.*

The City subsequently filed the instant motion for attorney fees arguing they are entitled to litigation reimbursement pursuant to 42 U.S.C. § 1988 because Plaintiffs brought frivolous and unfounded claims against the City. Plaintiffs oppose the motion, arguing that, while the City was indeed the prevailing party, they had a legitimate basis for their claims due to the novel nature of the case and the lack of Appellate or Supreme Court precedent regarding mask mandates. *See generally* Dkt. 35.

### III. ANALYSIS

The City's Motion for Attorney Fees is made pursuant to 42 U.S.C. § 1988. Dkt. 34-1. Plaintiffs object to the Motion on various grounds.

*1. Legal Standard*

The American Rule instructs that each party in litigation "bear[s] its own attorney[s'] fees in the absence of a rule, statute, or contract authorizing an award of fees." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Section 1988(b) provides that "[i]n any action or proceeding to enforce a provision" of 42 U.S.C. § 1983, "the court, in its

discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Attorney's fees may be awarded to a prevailing defendant in a case brought under § 1983 only upon "a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

This rigorous standard applies to prevailing defendants—as contrasted with prevailing plaintiffs—because the "policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant." *Id.* at 418–19 (citation omitted). Indeed, "[t]o take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement" of civil rights statutes such as § 1983. *Id.* at 422.

Therefore, the Ninth Circuit has held that attorney fees may be awarded against an unsuccessful § 1983 plaintiff only "in exceptional circumstances" where the court finds "the plaintiff's action was frivolous, unreasonable, or without foundation." *Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 968 (9th Cir. 2011) (cleaned up). "In determining whether this standard has been met, a district court must assess the claim at the time the complaint was filed, and must avoid post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 976 (quoting *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006)).

2.  *Analysis*

Plaintiffs concede that the Defendants are the prevailing party and that the requested attorney fees are reasonable. Dkt. 35, at 3–4. However, Plaintiffs argue that the City is not entitled to attorney fees because their claims were not frivolous, unreasonable, or without foundation. Plaintiff's main contention centers on the fact that a mask mandate ordered by a local government is a novel issue that has not been properly addressed by an appellate court, and so an award of attorney fees to the prevailing party would be premature and improper. Dkt. 35, at 5–6. The Court disagrees.

The Plaintiff's first claim in this action was based upon the idea of federal preemption and the Supremacy Clause. However, in their briefing on the motion to dismiss, Plaintiffs admitted the Supremacy Clause *does not* create a private cause of action and abandoned Claim One. Dkt. 12, at 7. As a result, the Court dismissed that claim with prejudice. Dkt. 29, at 8. The Court appreciates the fact that Plaintiffs voluntarily dismissed this claim after realizing the Supremacy Clause does not allow for private causes of action. However, this is a fairly well-settled principle. Plaintiffs should not have brought this claim in the first place. Accordingly, the Court finds Plaintiffs first claim was frivolous and demonstrates—at a minimum—a lack of diligence by the Plaintiffs in bringing this suit.

As for the second claim—violations of Due Process under the Fourteenth Amendment—a lack of legal precedent at the appellate level is not conclusive to determining whether attorney fees are unwarranted when numerous district courts around the country had already dismissed similar claims *before* Plaintiffs brought suit, and before oral argument. *See, e.g.*, *Bechade v. Baker*, 2020 WL 5665554, at *2 (D. Mass. Sept. 23,

2020); *Davis v. de Blasio*, 2021 WL 4521878 (E.D.N.Y. Oct. 4, 2021); *Oakes v. Collier Cty. Eyeglasses*, 515 F. Supp. 3d 1202, 1214 (M.D. Fla. 2021); *K.B. v. Calloway Cty. Sch. Dist. Bd. of Educ.*, 2022 WL 125929, at \*3 (W.D. Ky. Jan. 12, 2022); *Denis v. Ige*, 538 F.Supp.3d 1063 (D. Haw. 2021); *Gunter v. N. Wasco Cty. Sch. Dist. Bd. of Educ.*, 2021 WL 6063672, at \*12 (D. Or. Dec. 22, 2021).

Specifically, Plaintiffs honed in on the substantive due process argument that they have a fundamental liberty interest to medical autonomy—that is, to *not* wear a mask. At the time of the filing, Plaintiffs were aware—or should have been aware—of the long line of cases in which numerous courts had struck down the same or similar reasoning, providing Plaintiffs with sufficient notice that wearing a mask does not violate a fundamental liberty interest. *See, e.g., Oberheim v. Bason*, 565 F.Supp.3d 607 (M.D. Pa. Sep 30, 2021) (finding that a school's mask mandate "comfortably clear[ed] the low bar" of substantive due process rational basis); *see also Our Wicked Lady LLC v. Cuomo*, No. 21-CV-0165 (DLC), 2021 WL 915033, at 4\* (S.D.N.Y. Mar. 9, 2021) (finding "[t]he setting of the appropriate limits for the City . . . is up to the duly elected representatives of citizens"). In fact, the Court was unable to locate a single case where a Plaintiff's challenge to a mask mandate had been granted standing, and at oral argument, the Plaintiffs could not point to one either.[1] Dkt. 29, at 14.

---

[1] The Court is aware that the Plaintiffs were granted standing *in Health Freedom Defense Fund, Inc. v. Biden*, a mask mandate challenge brought in United States District Court for the District of Florida, Tampa Division (currently pending in the Eleventh Circuit). However, that lawsuit was brought on the basis that the CDC's mask mandate for public transportation violated the Administrative Procedure Act, as the CDC is an administrative agency and as such, may only possess the authority that Congress has provided. 2022 WL 1134138, at 1\* (M.D. Fla. Apr. 18, 2022). In contrast, the instant case was brought under the guise that

Additionally, Supreme Court precedent has unquestionably upheld state and local government authority to enact public health orders more stringent than a public mask mandate. *See Jacobson v. Massachusetts*, 197 U.S. 11 (1905) (upholding a city regulation, promulgated in the midst of an epidemic pursuant to a state statute, mandating that all inhabitants of the city of Cambridge be vaccinated against smallpox or face a criminal penalty in the form of a fine); *see also Compagnie Francaise de Navigation a Vapeur v. State Bd. of Health*, 186 U.S. 380, 387 (1902) ("[T]he power of the states to enact and enforce quarantine laws for the safety and the protection of the health of their inhabitants . . . is beyond question").

To be sure, in the instant case, the City's ordinance provided numerous exemptions to the mandate, and none of the Plaintiffs had ever been cited or forced to wear a mask. Although the test articulated in *Jacobson*, which asks whether the challenged measure has a "real or substantial relation" to its declared purpose, has since been filtered through the lens of subsequent Supreme Court case law, it remains good law and is controlling in this Court. Thus, the Plaintiff's insistence that the Court should apply the strict scrutiny standard was unfounded—and, as mentioned above, numerous courts had already found that rational basis review was the appropriate standard. Indeed, the Court pronounced as much in its decision. Dkt. 29, at 19–21.

In sum, Plaintiffs' reasoning that a mask mandate issued by local elected representatives violates substantive due process was unfounded and frivolous, particularly

---

mask mandates violate substantive due process and that a local government has no authority to issue such a mandate. Thus, the two cases articulate entirely different claims.

in light of district court decisions from around the country and binding precedent from the Supreme Court. Had there been even a singular case supporting Plaintiffs' position, the Court might not look so harshly upon Plaintiffs' filing. But the fact remains there was *no* supporting caselaw—in fact, as mentioned, there was ample *contrary* caselaw—available prior to Plaintiffs filing this lawsuit. And to the Court's knowledge, there has been none since. Said differently, it is the abundance of caselaw *contrary* to Plaintiffs' position that highlights the frivolity of this case, not necessarily the lack of caselaw on the issue because the matters are, as Plaintiffs suggest, "novel."[2]

The Court dismissed Plaintiff's claim based upon lack of standing for three reasons: (1) Plaintiffs failed to show a concrete and particularized injury in fact, (2) plaintiffs failed to show a causal connection between the City's action (the mask mandate) and an injury, and (3) the court's ability to provide redress was limited. Dkt. 29, at 9–14. However, Plaintiffs knew, or should have known, that—even if the Court had not dismissed their claim for lack of standing—the claim was starkly divergent to persuasive and binding precedent. The Court explained as much in its discussion on Rule 12(b)(6). *Id*. at 15–23. Plaintiffs were ultimately unsuccessful in meeting the standard for declaratory and injunctive relief, and the Court finds the claims were without reasoned basis or foundation. Simply put, this is an "exceptional case" where the Defendants are entitled to an award of attorney fees.

---

[2] If this had been the first case about mask mandates—or even among the first cases—the Court might agree with Plaintiffs concerning the novelty of the issues presented. But this was not the first case on this topic. As explained, numerous cases based upon the same arguments had been rejected by various courts across the country *prior* to Plaintiffs bringing suit. The matters are not as novel as Plaintiffs believe.

*3. Award Amount*

The City seeks $29,650 for attorney's fees for 118.6 hours worked. Dkt. 34-2, at 2. The Plaintiffs have conceded that the amount requested and the hours spent on the case by the Defendant's attorneys are reasonable. Nevertheless, the Court will briefly work through the appropriate analysis.

In setting the amount of an attorney's fee award under § 1988, a district court must utilize the "lodestar" method of calculating the award, which is accomplished by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The Supreme Court has established "a strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992). This court also requires consideration of the 12–factor *Kerr* test.[3]  *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975). However, the Ninth Circuit "has since relaxed the standard, saying that application of at least some of, or the most relevant, factors may be sufficient for review on appeal. *Jordan v. Multnomah County*, 815 F.2d 1258, 1264 (9th Cir. 1987). The most critical factor in determining the reasonableness of a fee award is "the degree of success obtained." *See, e.g., Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436). The moving party bears the burden of establishing the reasonableness of the hours claimed, and

---

[3] The twelve *Kerr* factors courts must consider are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." 526 F.2d 67, at 70.

the party must carry that burden by submitting adequate documentation of those hours. *See Hensley*, 461 U.S. at 437. *See, e.g.*, *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won[.]")

Although "[t]he determination of attorney fees is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion," *Zuniga v. United Can Co.,* 812 F.2d 443, 454 (9th Cir.1987), the Supreme Court has directed that "[i]t remains important . . . for the district court to provide a concise but clear explanation of its reasons for the fee award." *Hensley,* 461 U.S. at 437. The Court has considered the factors adopted in Kerr and supports its determination with the reasons stated below.

The Court has reviewed the billing records submitted by Defendant's attorneys. Counsel charged the City a discounted rate of $250 per hour, and clocked 118.6 hours on the case. Dkt. 34-2, at 2, 12–29. After considering the expertise and experience of the lead attorneys defending the action and the customary rate for such actions in this geographical location , the Court finds that the rate charged was reasonable. The Court also finds that the hours spent by the attorneys was reasonable. As noted, the Plaintiff agrees on both fronts.

Further, the nature of the professional relationship with the client proffered a discounted attorney rate of $250 per hour, instead of the attorney's usual $400 and $475 per hour fee because, as stated in the briefing, counsel felt that the litigation was "a waste of taxpayer funds." Dkt. 34-2, at 7. This discounted rate saved the City (and now Plaintiffs)

MEMORANDUM DECISION AND ORDER – 10

a staggering $26,392.50 from what the bill could have been.[4] Counsel was also able to obtain a medical expert pro bono, which speaks favorably to the experience and reputation of the attorney. Finally, counsel has been awarded attorney fees in the past at the rate of $475 per hour. Dkt. 34-2, at 8. Thus, the *Kerr* factors weigh in favor of granting the attorney fee award.

## IV. CONCLUSION

In this case, the City was successful in defending against injunctive and declaratory relief, and it was the prevailing party. Final judgment was entered because the case was dismissed with prejudice. Additionally, Plaintiffs did bring frivolous or unreasonable claims. There is nothing unique or different about this case compared to the numerous failed cases brought previously on similar grounds that would have caused Plaintiffs to expect a different outcome. Bringing this case was an exercise in futility. Therefore, pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and 42 U.S.C. § 1988(b), the Court GRANTS the City's Motion for Attorney Fees.

## V.  ORDER

**IT IS HEREBY ORDERED:**

1.  Defendants' Motion for Attorney Fees (Dkt. 34-1) is GRANTED.

2.  The Court awards the City attorneys' fees in the amount of $29,650.00.

3.  Plaintiffs have 45 days to tender payment.

---

[4] Deborah Ferguson billed 114.7 hours in this case at $250 per hour ($28,675). Craig Durham billed 3.9 hours at $250 per hour ($975). Had Durham billed at his normal rate ($400) and Ferguson at her normal rate ($475), the fees in this case would have been $56,042.50.

4.  The Court will enter an amended judgment in conformance with this decision.

DATED: August 23, 2022

David C. Nye
Chief U.S. District Court Judge